UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMAURY URENA,<br><br>                              Plaintiff,<br><br>           -against-<br><br>CITY OF NEW YORK; WARDEN CAPUTO;<br>WARDEN JOHN DOE,<br><br>                              Defendants. | 22-CV-4758 (LGS)<br><br>ORDER OF SERVICE |

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff Amaury Urena, who is currently detained in the George R. Vierno Center

(GRVC) on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that

Defendants subjected him to unconstitutional conditions of confinement.  The following facts are

drawn from the complaint.  At 7:00 p.m., on April 30, 2022, Plaintiff and other detainees were

"brought to [SEG] intake" for transfer from the Anna M. Kross Center to the GRVC.  They were

held there until 9:00 p.m. the following day, May 1, 2022, without blankets or mattresses, at

which time correction officers came and put the detainees on a bus.  From 10:00 p.m. on May 1,

2022, to the following morning, Plaintiff and the others were held on the bus while handcuffed

with their hands behind their backs.  Plaintiff sues the City of New York, Warden Caputo, and

unidentified Warden "John Doe."

By order dated June 10, 2022, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.      Wardens Caputo and "John Doe"

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation.  *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).  A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").  Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ."  *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Warden Caputo or Warden "John Doe" were personally involved in the events underlying his claims. Plaintiff's claims against these defendants are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.      "John and Jane Doe" correction officers

Plaintiff alleges that unidentified correction officers held him overnight in an intake unit and on a bus.  In light of Plaintiff's *pro se* status and clear intention to assert claims against those

correction officers, the Court construes the complaint as asserting claims against unidentified "John and Jane Doe" correction officers, and directs the Clerk of Court to amend the caption of this action to add "John and Jane Doe correction officers."  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses those defendants may wish to assert.

## C.     Unidentified defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff appears to supply sufficient information to permit the New York City Department of Correction to identify the John and Jane Doe correction officers who allegedly held Plaintiff in the intake unit overnight on April 30, 2022, and on a bus overnight on May 1, 2022.  It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the New York City Department of Correction ("DOC"), must ascertain the identity and badge number of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[1]  The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this

---

[1] If any of the Doe defendants is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If a Doe defendant is not a current or former DOC employee or official, but works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended

complaint and, if necessary, issue an order asking Defendants to waive service.

D.     **Waiver of Service**

The Clerk of Court is directed to notify the DOC and the New York City Law Department

of this order.  The Court requests that the City of New York waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against Warden Caputo and Warden John Doe. *See*

28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of Court is directed to: (1) electronically notify the

New York City Department of Correction and the New York City Law Department of this order;

(2) add as defendants to the caption "John and Jane Doe correction officers" under Fed. R. Civ. P.

21; (3) mail a copy of this order and the complaint to the New York City Law Department at: 100

Church Street, New York, N.Y. 10007; and (4) mail an information package to Plaintiff. An

"Amended Complaint" form is attached to this order.

The New York City Law Department must identify John and Jane Doe correction officers

and provide the information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint

naming the John Doe defendants.  An amended complaint form that Plaintiff should complete is

attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).  **SO ORDERED.**

Dated: June 29, 2022
       New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

4