USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/31/2022



HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

ZACHARY KALMBACH
*Assistant Corporation Counsel*
phone: (212) 356-2322
fax: (212) 356-3509
zkalmbac@law.nyc.gov

October 26, 2022

**BY ECF**
Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

         Re:    Amaury Urena v. City of New York, et al.,
                22 Civ. 4758 (JLR) (KHP)

Your Honor:

      I represent defendant the City of New York (the "City) in the above-referenced matter.[1] The City writes to respectfully request that the Court grant this Office a thirty-day enlargement of time to respond to the Court's Valentin Order, from October 28, 2022, to November 27, 2022. This is the City's third request for an extension of time to comply with the Valentin Order. This Office has not sought plaintiff's position on this request as he is presently incarcerated and proceeding *pro se*.

      By way of background, plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the City and unidentified New York City Department of Correction ("DOC") officers, alleging, *inter alia*, that, while being transferred between facilities on Riker's Island, he was held overnight in a "seg intake" unit at the Anna M. Kross Center ("AMKC") from 7:00 PM on April 30, 2022, until 9:00 p.m. on May 1, 2022, and on a bus in front of the George R. Vierno Center ("GRVC") from 9:00 p.m. on May 1, 2022, until 10:00 a.m. on May 2, 2022. (See ECF No. 2). On June 29, 2022, the Court issued a Valentin Order, which directed this Office to identify "the John and Jane Doe correction officers who allegedly held Plaintiff in the intake unit overnight on April 30, 2022, and on a bus overnight on May 1, 2022" by August 28, 2022. (See ECF No. 6). On August 24, 2022, the City requested a sixty-day enlargement of time to comply with the Court's Valentin Order. (See ECF No. 10). On August 25, 2022, the Court extended the City's deadline to respond to the

---

[1] This case has been assigned to Assistant Corporation Counsel Bailey Forcier, who is awaiting admission to the New York Bar. Ms. Forcier is handling this matter under supervision and may be reached at (212) 356-5054 or bforcier@law.nyc.gov.

Valentin Order to September 28, 2022.  (See ECF No. 12).  On September 23, 2022, the City requested, *inter alia*, a thirty-day enlargement of time to comply with the Court's Valentin Order.  (See ECF No. 16).  On September 27, 2022, the Court extended the City's deadline to comply with the Valentin Order to October 28, 2022.  (See ECF No. 18).

      The Office has continued to work diligently to comply with the Valentin Order, however, this Office has not yet been able to identify the "John or Jane Doe" correction officers who allegedly held plaintiff in a "seg intake" unit at AMKC from 7:00 p.m. on April 30, 2022, until 9:00 p.m. on May 1, 2022, or on a bus in front of GRVC from 9:00 p.m. on May 1, 2022, until 10:00 a.m. on May 2, 2022.  As part of its efforts to comply with the Valentin Order Office has spoken with DOC employees and obtained and reviewed numerous pages of documents.  These documents have revealed that plaintiff was involved in a slashing incident on April 30, 2022, which led to his transfer to GRVC.  Specifically, a DOC incident report indicates that plaintiff and at least 10 other inmates left housing area Quad Upper 10—where plaintiff was assigned at the time—at approximately 6:36 p.m., entered housing area Quad Upper 12, assaulted two other inmates, and then "returned to their assigned housing area."  The same incident report indicates that, as a result of the incident, plaintiff's entire housing area was placed on lockdown at approximately 8:20 p.m.  Plaintiff's Movement History Log and a Notice of Pre-Hearing Detention indicate that, as a result of the slashing incident, plaintiff was to be transferred to GRVC for pre-hearing detention housing.  Plaintiff's Movement History Log further indicates that, sometime after the slashing incident, plaintiff was transferred to another housing area within AMKC, and then to an intake area at AMKC, and then to GRVC, presumably via bus.

      All that to say, the circumstances surrounding plaintiff's transfer to GRVC—combined with the vague nature of plaintiff's allegations—make complying with the Order particularly difficult in this case.  As an initial matter, DOC has advised this Office that it is unaware of any "seg intake" room, and thus this Office is still attempting to determine where exactly plaintiff was located within the facility at the relevant times.  Moreover, given the seriousness and scale of the incident which led to plaintiff's transfer, the universe of correction officers who could have been present in an intake area with plaintiff during the times alleged in the Complaint (to the extent such correction officers are the target of the Valentin Order) is abnormally large.  For example, defendants have reviewed AMKC daily assignment rosters for April 30 and May 1, 2022, and, aside from the approximately 25 correction officers who were assigned to some form of "intake" during the times alleged in the Complaint, there were numerous other correction officers assigned to roles such as "security" and "escort" who may have been present while plaintiff was "held" in an intake area, not to mention correction officers assigned to emergency response teams who may have also been involved in transporting and/or holding plaintiff.  At this time, this Office is continuing its discussions with DOC to attempt to identify the proper defendants as expeditiously as possible, but unfortunately this Office will not be able to do so by the current deadline.  Moreover, this Office respectfully notes that it may become necessary to seek leave to serve plaintiff with certain identification interrogatories, although its investigation has not yet reached that point.

      Additionally, with regard to correction officers who may have been present on a transportation bus with plaintiff (again, to the extent such correction officers are the target of the Valentin Order), this Office has requested transportation and "trip sheet" documents but has not

yet received such documents or been advised whether such documents exist in this case.  However, the City assures the Court that it is also attempting to comply with the "bus" piece of the Valentin Order as expeditiously as possible.

Accordingly, the City respectfully requests a thirty-day extension of time to respond to the Court's Valentin Order—from October 28, 2022, to November 27, 2022—in order to allow time for this Office to continue its investigation into the identities of the "John or Jane Doe" correction officers.

Thank you for your time and consideration.

Respectfully submitted,

/s/ *Zachary Kalmbach*
Zachary Kalmbach
*Assistant Corporation Counsel*

cc:   **Via First-Class Mail**
Amaury Urena
*Plaintiff* pro se
NYSID: 06036513J
B&C: 2412102214
George R. Vierno Center
09-09 Hazen St.
East Elmhurst, NY 11370

The deadline for Defendant to respond to the Court's *Valentin* Order is extended to **Monday, November 28, 2022**.  If needed, Defendant shall seek leave to serve Plaintiff with identification interrogatories by **Friday, November 18, 2022**. **The Clerk of the Court is respectfully requested to mail a copy of this order to Plaintiff.**

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   10/31/2022