USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/5/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMAURY URENA,

    Plaintiff,

-against-

CITY OF NEW YORK, et al.,

    Defendants.

1-22-CV-4758 (JLR) (KHP)

**ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff, previously represented by counsel but now acting pro se, brings this action pursuant to 42 U.S.C. § 1983 against the City of New York and certain New York City Department of Correction officers, alleging, inter alia, that, while being transferred between facilities on Riker's Island, he was held for approximately 24 hours in an intake area and then on a bus without access to any services or basic necessities.

Plaintiff has filed an Application for the Court to Request Pro Bono Counsel. For the following reasons, Plaintiff's application is DENIED.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is not a constitutional right to counsel and there is no requirement that courts supply litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). In fact, a court has no authority to "appoint" counsel in civil cases, but instead may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Courts must grant applications for *pro bono*

counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

When analyzing whether appointment of counsel is appropriate, the Court must first determine that the movant is indigent, and that he is unable to obtain counsel on his own. *Morris v. Moran*, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Gibson v. Mount Vernon Montefiore Hosp. Exec. Dir.*, 2022 WL 17325612, at *2 (S.D.N.Y. Nov. 29, 2022).  The Court then must determine whether the movant's position seems likely to be of substance, and if so, the Court then considers other prudential factors such as the complexity of the legal issues, the movant's ability to investigate the crucial facts, his ability to present the case, and his efforts to obtain counsel.  *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003); *Hodge*, 802 F.2d at 61; *Cooper*, 877 F.2d at 172.

## DISCUSSION

Appointment of counsel is not appropriate in this case because Plaintiff has not shown that he remains indigent or that he cannot obtain counsel on his own, nor do the prudential factors favor appointment of counsel.

To start, although the Honorable Laura Taylor Swain granted Plaintiff's Request to Proceed *in Forma Pauperis* (IFP) on March 1, 2022 (ECF No. 5), Plaintiff was incarcerated at that time, and he is no longer incarcerated.  Despite this change in circumstance, Plaintiff has not updated the Court as to his financial situation or filed documentation confirming his indigence.

Even assuming Plaintiff remains indigent, however, he also has not shown that he is unable to obtain counsel without the Court's assistance.  In fact, Plaintiff was previously

represented by counsel in this action – Rickner PLLC, which is a boutique law firm that focuses on representing victims of police violence and government misconduct. However, Plaintiff terminated his counsel on March 28, 2023 without providing any explanation to the Court for the termination. (See ECF No. 47.) In Rickner PLLC's motion to withdraw from the case, former counsel advised the Court that Plaintiff was provided legal funding by Barrington Legal Solutions LLC. (*Id.*)

Plaintiff now asserts that he has "reached out to multiple law firms" but has been unsuccessful in obtaining counsel. However, Plaintiff has not described which law firms he has contacted nor has he described any efforts to obtain low-cost legal assistance through any legal organizations. Most significantly, Plaintiff has not represented that he has contacted the New York Legal Assistance Group ("NYLAG") Clinic for Pro Se Litigants, which is a free legal clinic in this District, and which this Court has encouraged Plaintiff to contact. The Court again reminds Plaintiff that he can make an appointment with the NYLAG Clinic by calling 212-659-6190.

Finally, although Plaintiff's claims may be of substance, the Court finds that the prudential factors articulated in *Hodge* weigh against appointment of counsel. Specifically, this case is not particularly complex, and Plaintiff has not shown that he cannot investigate the necessary facts and present the case himself. Although Plaintiff is not educated in the law, the Court grants a special solicitude to pro se plaintiffs for this reason and it will construe Plaintiff's submissions to raise the strongest arguments they suggest.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Pro Bono Counsel is DENIED.

**The Clerk of the Court is respectfully requested to mail a copy of this order to Plaintiff.**

    **SO ORDERED**.

Dated: September 5, 2023
      New York, New York

                                               _____
                                               KATHARINE H. PARKER
                                               United States Magistrate Judge